IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS TIMS,

                Plaintiff,                OPINION AND ORDER

    v.
                                                        23-cv-745-wmc

RANDALL HEPP, YANA PUSICH,
SCOTT KINNARD, CHRISTOPHER MANTHEI,
ANTHONY NELSON, and BRENT PLATE,[1]

                Defendants.

---

      Plaintiff Dennis Tims, who is representing himself, has been granted leave to proceed with the following, two claims: (1) an Eighth Amendment claim that defendants Randall Hepp, Yana Pusich, Scott Kinnard, Christopher Manthei, Anthony Nelson, and Brent Plate denied him recreation time outside of his cell at Waupun Correctional Institution ("WCI") for an entire year, harming his health; and (2) a First Amendment claim that defendant Plate searched Tims' cell and placed him in segregation in retaliation for his filing a complaint that Plate kicked in his cell door while he was sleeping. (Dkt. #16.) Plaintiff has also filed three motions pending before the court.

      *First*, plaintiff moves for leave to amend his complaint to add a due process claim based on the denial of recreation time outside his cell. (Dkt. #28.) However, because the denial of recreation time does not implicate an interest protected by the due process clause, and such a claim would in any event be duplicative of plaintiff's Eighth Amendment claim, that motion will be denied.

---

[1] The court has revised the caption to reflect the correct spelling of defendants' complete names as identified in defendants' answer.

*Second*, plaintiff moves to have previously dismissed defendants Governor Tony Evers and former DOC Secretary Kevin Carr identified as witnesses or defendants based on *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). (Dkt. #30.) That motion will also be denied because neither plaintiff's motion nor the documents attached to it plausibly suggest a statewide correctional policy or some other role that Evers or Carr personally played in denying plaintiff's recreational time.

*Third*, plaintiff moves for a preliminary injunction related to his Eighth Amendment claims, seeking entry of an order that defendants immediately provide him with five hours of recreation time outside of his cell each week. (Dkt. #13.) Defendants respond that plaintiff has not carried his burden to show that he is likely to succeed on the merits and to suffer irreparable harm outweighing any harm defendants will suffer if such an injunction is granted. To the contrary, defendants assert that prison records show his recreation time has been curtailed due to his own persistent refusal to comply with prison policy requiring inmates to stand at the unobstructed front of their cells four times per day to be counted. (Dkt. #19.) For the reasons explained below, the court will deny plaintiff's motion for preliminary injunctive relief at this point, subject to renewal should he be able to make the necessary evidentiary showing at some later point in this lawsuit.

OPINION

I. Motion for Leave to Amend

Plaintiff seeks leave to amend his complaint to add a due process claim under the Fourteenth Amendment based on the fact that WCI's "compliance tracking logs" are a

"shadow policy" imposing restrictions on his recreation rights without a hearing or any other due process protection. *See* U.S. Const. Amend. XIV, § 1 (Government officials may not "deprive any person of life, liberty, or property, without due process of law."). To state a due process claim, however, plaintiff must allege that he: (1) has a cognizable property or liberty interest; (2) has suffered a deprivation of that interest; and (3) was denied due process. *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010).

Here, plaintiff's proposed claim fails on the first element because the denial of recreation time does not implicate an interest protected by the due process clause. *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996) (citing *Smith v. Shettle,* 946 F.2d 1250, 1252 (7th Cir.1991) ("The Due Process Clause itself does not create a right for prisoners to leave the area around their cells, to visit other prisoners, or not to be subjected to lockdowns; only the Eighth Amendment limits these restrictions."). Moreover, plaintiff already has been granted leave to proceed on an Eighth Amendment claim based on the same conduct, so a due process claim would be duplicative. *See Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012) ("[T]he Supreme Court has made it clear that a substantive due process claim may not be maintained where a specific constitutional provision protects the right at issue."); *Williams v. Snyder*, 150 F. App'x 549, 552-53 (7th Cir. 2005) (dismissing equal protection, access to courts, due process, and Eighth Amendment claims as duplicative of retaliation and freedom of religion claims). Accordingly, plaintiff's motion for leave to amend his complaint to add a due process claim will be denied.

3

**II. Motion to Name New Defendants**

Plaintiff has also moved to add Wisconsin Governor Evers and former DOC Secretary Carr as either defendants or witnesses based on what he perceives to be their role in state agency rulemaking. Specifically, plaintiff seeks to hold these defendants liable under *Monell*, in which the Supreme Court held that municipalities and other local governments may be liable if an employee injured the plaintiff in executing of an official policy, custom, or widespread practice. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 234 (7th Cir. 2021). In support of his motion, plaintiff has attached copies of an Attorney General opinion and statutes concerning state agency rulemaking authority in light of 2011 Wisconsin Act 21, which made changes to statutes that relate to the promulgation of administrative rules, including agency authority to promulgate rules, legislative review and gubernatorial approval of proposed rules, as well as procedures to challenge the validity of administrative rules. Wisconsin Legislative Council Act Memo for 2011 Wisconsin Act 21 (May 26, 2011) (accessed at https://docs.legis.wisconsin.gov/2011/related/ lcactmemo/ act021.pdf).

As the court discussed in its screening order, plaintiff's allegations and the documents attached to his complaint suggest that WCI Warden Hepp was the senior official responsible for restricting most, if not all, inmate movement at WCI, and as such, he is the most appropriate individual to provide any relief to plaintiff. (Dkt. #16.) Plaintiff's latest motion and the documents attached to it neither plausibly suggest that there was a *statewide* policy or rule regarding restricted movement in Wisconsin's prisons nor that Evers or Carr had any role in implementing the policy put into effect at WCI. If

4

plaintiff later acquires specific information pointing to the existence of a statewide correctional policy or some other *direct* role that Evers or Carr may have played in denying him recreation time, then he may seek to amend his complaint to add such allegations, as long as he does so in a timely manner.

III. **Motion for Preliminary Injunction**

This leaves plaintiff's motion for a preliminary injunction, which is an extraordinary remedy that a court may grant only after the plaintiff makes a clear showing that he is entitled to relief. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). Specifically, to obtain a preliminary injunction, plaintiff must show that he: (1) has some likelihood of success on the merits of his Eighth Amendment claims; (2) lacks any adequate remedy at law; and (3) will suffer irreparable harm if a preliminary injunction is denied. *American Civil Liberties Union of Illinois v. Alvarez*, 679 F.3d 583, 589 (7th Cir. 2012). If plaintiff makes this threshold showing, the court weighs the factors against one another, assessing whether the balance of harms favors plaintiff or whether the harm to defendants or the public is sufficiently weighty that the injunction should be denied. *Id*. The greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted. *Sofinet v. Immigration and Naturalization Service*, 188 F.3d 703, 707 (7th Cir. 1999).

Plaintiff asks the court for a preliminary injunction directing defendants to provide him with a minimum of five hours of exercise or recreation per week outside of his cell. As the court explained in the screening order (dkt. #16), prolonged isolation may constitute a violation of the Eighth Amendment depending on the duration and nature of the

5

isolation, as well as whether there were feasible alternatives to it. *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017). However, the irreparable harm must be serious enough to "result[] in the denial of the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008).

Along with his motion, plaintiff submitted a declaration in which he avers that he has been denied all recreation since March 24, 2023, depriving him of exercise that reduces the harmful effects of his arthritis, high blood pressure, and brain trauma, as well as helps him maintain a healthy weight. (Dkt. #15.) In response, defendants have submitted the declaration of defendant Pusich, who explains that WCI imposed a series of restrictive measures in early 2023, including a lockdown, to reestablish expectations for inmate counts, movement, showers, and other everyday activities because of rising disorder and defiance among the inmate population. (Dkt. #20, at ¶¶ 5-8.)

As part of the lockdown, Warden Hepp issued a memo to the inmate population regarding the restrictive movement policy, which included the following:

- Standing counts occur at 6:00 a.m., 11:45 a.m., 5:00 p.m., and 9:00 p.m. When count is announced, each person is expected to be standing with the cell light on.

- Cell fronts and bed frames are to be free of any items such as blankets, clothing, or other articles to allow clear visibility into the cell/bunks at all times.

(*See id.*, at ¶¶ 14-15; dkt. #20-2.) On April 25, 2023, the warden issued another memo to institution staff, which directed staff to create "compliance tracking logs" for each inmate in general population to record whether the inmate had complied with standing count and cell front rules during each count. (Dkt. #20, at ¶¶ 19-25; dkt. #20-3.) WCI then

6

instituted a policy whereby an inmate who violates the rules twice in a one-week period is deemed non-compliant and loses his outdoor recreation privileges for that week, but automatically becomes eligible for recreation again the next calendar week. (Dkt. #20, ¶¶ 28-39.) While defendants do not deny that plaintiff was denied recreation for all but one week during the period between May 7, 2023 and May 4, 2024, plaintiff's compliance logs document that he consistently violated the rules regarding standing and maintaining a clear cell front at least twice -- and usually more than 20 times -- during 48 out of 49 weeks. (Dkt. #20, at ¶¶ 40-46; dkt. #20-6.)

In reply, plaintiff point out, among other things, that: his formal disciplinary record, which shows he has had no recent conduct reports (dkt. #21-3); notes that he was given a work assignment as a "tier tender" on March 28-29, 2024, which means he is not a troublesome inmate (*id*. at ¶¶ 11-12, dkt. #21-1); and there are other disciplinary options available to WCI than denial of recreational time (dkt. #21 at ¶¶ 17-18). Plaintiff also insists that he "never covered the front of his cell nor has . . . not been visible during count." (Dkt. #21, at ¶ 5). He provides a sworn declaration describing a recent incident that occurred at approximately 11:50 a.m. on May 20, 2024, in which he was marked as lying down with the light off when, in fact, he was standing at the cell door with the light on as required. (Dkt. #22.) He generally avers that video evidence "will prove" that he complied with the count on May 20, and that the log presented by defendants for that date and time is fabricated. (Dkt. #22, ¶¶ 11-14.)

The questions of whether plaintiff is likely to succeed on the merits and suffer irreparable harm turn on his compliance, or lack thereof, with WCI's count policy. Plaintiff

7

is either refusing to comply and incurring demerits that preclude recreation time as defendants claim, or he's not refusing to comply at all and correctional officers are fabricating the count records as plaintiff claims, thereby depriving him of recreation time. At this time, plaintiff offers only his own sworn declaration, but his account is unsupported by other evidence, and he offers no explanation why each of the correctional officers logging his compliance for the past year would fabricate his count records while letting other inmates go to recreation.  Moreover, plaintiff's general statement that he never covered the front of his cell and was always visible during the counts, if anything, begs the question as to whether he was *standing* with his cell light on or that he kept *both* his cell front and bed frame clear of items as required of all other inmates by the count policy.  While plaintiff says that there *will be* video footage that disproves the count record from May 20, 2024, he has not yet obtained or submitted any such evidence to the court.

      Finally, plaintiff provides very little detail and no corroborating evidence in support of his claim that his health will suffer irreparably if he is not immediately allowed recreation outside of his cell for five hours a week.  Indeed, as defendants argue, it is particularly difficult for a party to show irreparable harm if the extent of the alleged harm rests within that party's control, as appears to be the case here. *See VanDutch Inc. v. Marquis Yachts LLC*, No. 17-cv-1203, 2017 WL 11140439, at *9 (E.D. Wis. Oct. 25, 2017) ("Because the extent of any harms to the molds, tooling, and unfinished yachts [stored by Marquis] seems to be a matter within Marquis' control, it does not reflect an irreparable harm to Marquis that will necessarily follow from preliminary injunctive relief."). Nor does plaintiff provide any support for entry of a five-hour recreation period despite apparent non-

compliance when there appears to be only a minimum of two hours guaranteed inmates in full compliance of the count policy. Regardless, at this point, plaintiff still appears to have the keys to unlock the denial of weekly recreation time by actually complying with *all* components of the count policy, including standing for count and providing clear visibility into his cell and bunk.

Accordingly, plaintiff has failed to meet his high burden of showing that he is likely to succeed on the merits of his Eighth Amendment claim and will suffer irreparable harm if he does not receive five hours of recreation a week. If, after this case proceeds through discovery and plaintiff is able to make a more specific and detailed factual showing that he actually has had no more than one rule violation for each (or at least a significant number) of the 48 weeks noted by defendants, including plausible evidence that the numerous correctional officers involved are regularly fabricating his count records, he may renew his motion for preliminary relief.

ORDER

IT IS ORDERED that plaintiff Dennis Tims' motion for leave to file an amended complaint (dkt. #28), motion to identify witnesses or defendants (dkt. #30), and motion for a preliminary injunction (dkt. #13) are DENIED.

Entered this 16th day of September, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge